IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 15-00050-01-CR-W-GAF |
| CRAIG TATE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On August 18, 2016, I held a change-of-plea hearing after this case was referred to me by United States District Judge Gery Fenner. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

*I.    BACKGROUND*

On February 10, 2015, an indictment was returned charging defendant with one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (count one); one count of possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (count two); one count of possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (count three); and one count of possessing a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)(1). Judge Fenner referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on August 18, 2016. Defendant was present, represented by Carl Cornwell. The government was

represented by Assistant United States Attorney Justin Davids. The proceedings were recorded and a transcript of the hearing was filed on August 18, 2016.

## *II.     AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the

2

reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. On February 10, 2015, an indictment was returned charging defendant with one count of possession with intent to distribute methamphetamine, in violation of

3

21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and one count of possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Tr. at 4-5).

    2.      The statutory penalty for count one is not less than 5 years in prison and not more than 40 years, not more than $5 million fine, not less than 4 years supervised release, and a $100 special assessment (Tr. at 5). The statutory penalty for count two is not less than 5 years in prison consecutive to any sentence imposed on count one and up to life in prison, not more than $250,000 fine, not more than 5 years supervised release, and a $100 special assessment (Tr. at 5-6).

    3.      Defendant was advised of the following:

        a.      That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 6, 13-14);

        b.      That he has the right to assistance of counsel throughout the trial (Tr. at 6-7);

        c.      That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 7);

        d.      That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 7);

        e.      That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 8);

        f.      That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be

4

instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 7-8); and

  g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8-9).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 9).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 9-10). Defendant stated that he understood (Tr. at 9-10).

6. Defense counsel had full access to the government's file and agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 10-11).

7. The government made the following factual basis for the plea:

> [O]n January 30th of 2015, officers, agents with the United States Marshal Service arrived at a hotel room located in the Western District of Missouri that was occupied by the defendant and his then-girlfriend. They received consent to enter. At that point, they located in plain view a firearm, and that's the firearm that's listed in Count Two of the Indictment. They then obtained a search warrant. And as part of that search warrant, they located drug use paraphernalia, United States currency, ammunition and more than 50 grams of a mixture and substance containing methamphetamine in that hotel room. Based on the location of that gun and the methamphetamine, as well as the amount of the methamphetamine, documents such as handwritten notes and other recovered items, it is apparent that the methamphetamine was meant for distribution, and that the firearm was possessed in furtherance of that methamphetamine distribution.

(Tr. at 10-11).

8.  Defendant was placed under oath (Tr. at 11) and admitted the following: Sometime between June 1, 2014, and January 30, 2015, defendant was within the Western District of Missouri, he had in his possession or under his control 50 grams or more of a substance containing methamphetamine, and he was aware he had it (Tr. at 12). On January 30, 2015, defendant had a .40 caliber Smith & Wesson firearm, and he possessed it because he wanted to protect himself and his methamphetamine (Tr. at 12-13).

9.  Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 14). In addition, I went through the plea agreement with defendant (14-20). The plea agreement has been filed as document number 55.

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 20).

11. Defendant is satisfied with the advice and guidance he has received from Mr. Cornwell (Tr. at 21). There is nothing Mr. Cornwell did that defendant did not want him to do (Tr. at 21). There is nothing defendant wanted Mr. Cornwell to do that he did not do (Tr. at 21).

12. Defendant is 41 years of age (Tr. at 21). He has a high school education (Tr. at 21). Defendant has no physical, mental health, or substance abuse issues (Tr. at 21-22). Defendant was not under the influence of any drug or alcohol during the change-of-plea hearing (Tr. at 22).

13. Defendant tendered a plea of guilty to the crimes charged in counts one and two of the indictment (Tr. at 22).

6

## IV.   ELEMENTS OF THE CHARGED OFFENSES

The elements necessary to sustain a conviction for possession with intent to distribute methamphetamine are:

One, the defendant was in possession of methamphetamine;

Two, the defendant intended to be in possession of methamphetamine, and

Three, the defendant intended to distribute some or all of the methamphetamine to another person.

Eighth Circuit Model Criminal Jury Instruction 6.18.841A.

The elements necessary to sustain a conviction for possessing a firearm during and in connection to a drug trafficking offense are:

One, the defendant committed the crime of possession with intent to distribute methamphetamine; and

Two, the defendant knowingly possessed a firearm in furtherance of that crime.

Eighth Circuit Model Criminal Jury Instruction 6.18.924C.

## V.   CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crimes charged in counts one and two of the indictment.

Therefore, it is

7

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offenses charged in counts one and two of the indictment.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 22, 2016